**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-MC-23198-RAR**

IN RE APPLICATION OF
**DEPARTMENT OF HOMELAND**
**SECURITY, IMMIGRATION AND**
**CUSTOMS ENFORCEMENT**,

        Petitioner,

vs.

**JAN ABRAHAM NEL**,

        Respondent.

_____/

### ORDER GRANTING IN PART EMERGENCY PETITION

**THIS CAUSE** is before the Court upon Petitioner, the Department of Homeland Security, Immigration and Customs Enforcement's ("ICE") Emergency Motion for Entry of Renewed Order Permitting Involuntary Administration of Nutrients, Hydration, Laboratory Tests, and Routine Medical Examinations to Include Blood Draws and Weight Checks ("Motion"), filed on August 22, 2024. [ECF No. 1]. The Court, having carefully reviewed the Motion; the Declaration of Assistant Field Office Director Charles Parra, [ECF No. 1-1] ("Parra Decl."); the Declaration of Manuel E. Lopez Diaz, M.D., Respondent's treating physician, [ECF No. 1-2] ("Dr. Lopez Diaz Decl."); and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART and DENIED IN PART** as set forth herein.

Petitioner maintains that Respondent, Jan Abraham Nel, is in ICE custody pending the completion of his removal proceedings. Mot. ¶ 2. Petitioner further asserts that Respondent has been on a hunger strike for 58 days to protest his continued detention and has missed 181 meals. *Id.* ¶ 12; Dr. Lopez Diaz Decl. ¶ 5. However, he has refused to cooperate with medical staff to

obtain his vital signs, including to determine his weight.  *Id.* ¶¶ 13, 14.  The Motion seeks the Court's intervention to authorize conducting laboratory tests deemed medically necessary, including blood draws, physical exams, and weight checks; to involuntarily administer hydration and/or nutrients to Respondent; and to restrain Respondent with medical soft restraints if he resists or asserts that he intends to resist such administration.  Mot. at 5–6.

Based on a review of the record, the Court finds that an emergency condition exists.  Respondent's refusal to obtain adequate nutrition and to permit his healthcare providers to perform routine medical examinations—including blood draws and weight checks—has prevented Petitioner from determining whether Respondent's ongoing/renewed hunger strike has caused significant deterioration to his health, such that medical intervention may be required to preserve Respondent's life.  *See* Dr. Lopez Diaz Decl. ¶¶ 13, 14, 19, 21; *see also* Parra Decl. ¶¶ 5–7.

The Court further finds, based on Dr. Lopez Diaz's Declaration, that the involuntary administration of laboratory testing to include blood draws and weigh-ins is medically appropriate and necessary to monitor Respondent's health.  *See* Dr. Lopez Diaz Decl. ¶ 22; *see also Dep't of Homeland Sec. v. Ayvazian*, No. 15-CV-23213-RNS, ECF No. 7 (S.D. Fla. Aug. 27, 2015) (authorizing laboratory tests on respondents engaging in a hunger strike to accurately assess the state of their health to determine the necessity of further medical intervention); *Homeland Sec. v. Kumar*, No. 20-MC-21009-UU, ECF No. 6 (S.D. Fla. Mar. 25, 2020) (same); *Dep't of Homeland Sec. v. Ghani*, No. 23-MC-23652-CMA, ECF No. 9 (S.D. Fla. Oct. 26, 2023) (authorizing laboratory tests on respondent engaging in hunger strike and, to the extent medically necessary, the involuntary administration of hydration and/or nutrients).  The Court further finds that there is a need to take immediate action on Petitioner's request, pending any challenge by Respondent to Petitioner's commencement of this civil matter.  *See Ayvazian*, ECF No. 7 at 1; *see also In re Fattah*, No. 3:08-MC-164, 2008 WL 2704541 (M.D. Pa. Jul. 8, 2008);

*In re Soliman*, 134 F. Supp. 2d 1238 (N.D. Ala. 2001).

However, given that forcible administration of hydration and/or nutrients implicates more pressing constitutional concerns—and "Respondent's refusal to allow laboratory testing and weight checks mean that his medical team is unable to determine whether his medical condition has deteriorated to the point where immediate medical intervention, including the involuntary administration of medication, nutrients, and/or hydration as requested in the emergency petition, is necessary to preserve his life[,]" Petitioner's Certificate of Emergency, [ECF No. 1-3], at 2—the Court **DENIES** *without prejudice* Petitioner's immediate request to involuntarily administer hydration and/or nutrients until the Court can hold a hearing and the parties can better ascertain the status of Respondent's current health condition.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  The Petition, [ECF No. 1], is **GRANTED IN PART and DENIED IN PART**.

2.  ICE shall file a Notice on or before **August 26, 2024 at 12:00 P.M.** that informs the Court if Respondent speaks English.  If he does not, ICE must inform the Court what language the Respondent does speak, so that the Court can arrange to have the appropriate interpreter present at the hearing.

3.  On **August 27, 2024 at 10:00 A.M.** the parties shall attend a hearing on the Motion and report to Courtroom 11-2, 11th Floor, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128.  **Respondent must be present at the hearing**.  To the extent that Petitioner has been able to administer laboratory tests prior to the hearing, Petitioner shall be prepared to advise the Court of said results at the hearing.

4.  Although the Court notes that Petitioner states that Respondent is not represented by counsel in this matter, Petitioner shall serve this Order on pro bono counsel in the underlying

immigration proceeding.[1]  Petitioner is under a continuing obligation to inform the Court as to whether Respondent obtains counsel.

5.      ICE is **AUTHORIZED**, through competent medical authority, including Larkin Community Hospital, Inc., located in Miami, Florida ("Larkin"), to perform involuntary laboratory tests deemed medically necessary to assess Respondent's health status, including blood draws, physical exams, and weight checks.  *See* Dr. Lopez Diaz Decl. ¶ 13 (listing laboratory tests that need to be obtained during a hunger strike).

6.      ICE is further **AUTHORIZED**, through competent medical authority, including the medical staff at Larkin, to restrain Respondent with medical soft restraints if he resists or asserts that he intends to resist the administration of laboratory testing, including blood draws and weight checks.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of August, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1]  The Court has reviewed Petitioner's position on the right to counsel, [ECF No. 1-4] at 7–10, and agrees that Respondent has no right to court-appointed counsel in this matter.